The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on July 22, 2013, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: July 22, 2013**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 12-15994 |
| | ) | |
| ROBERT L. FREDERICK (deceased), | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |
| | ) | |

MEMORANDUM OF OPINION[1]

This matter is currently before the Court on the Chapter 7 trustee's amended objection to the debtor's claim of exemption (Docket #17) and the debtor's response (Docket #33). At issue is whether Ohio Revised Code §§ 2329.66(A)(6)(c) and 3917.05 permit the debtor to exempt the proceeds of a group life insurance policy, originally provided by the debtor's employer and covering the life of the debtor's spouse, paid to the debtor as the beneficiary of his deceased spouse. For the reasons that follow, the Court overrules the trustee's amended objection.

---

[1] This opinion is not intended for official publication.

## JURISDICTION

An objection to a debtor's claim of exemption is a core proceeding under 28 U.S.C. § 157(b)(2)(B). This Court has jurisdiction over core proceedings pursuant to 28 U.S.C. §§ 157(a) and 1334 and Local General Order 2012-7 of the United States District Court for the Northern District of Ohio.

## PROCEDURAL HISTORY AND BACKGROUND

Prior to the debtor retiring, the debtor worked at Progressive Casualty Insurance Company ("Progressive"). While working at Progressive, the debtor purchased a group life insurance policy through his employer from Metropolitan Life Insurance Company ("MetLife"). The group life insurance policy provided coverage for the lives of the debtor and his dependent spouse.

In January 2011, the debtor's employment at Progressive ended. MetLife informed the debtor that the debtor's group life insurance policy included two options for the debtor to continue his coverage: portability or conversion. The debtor elected the portability option. The debtor's ported policy became effective in February 2011, and provided coverage for the life of the debtor's spouse in the amount of $20,000. On July 19, 2011, the debtor's spouse died. In September 2011, MetLife placed the proceeds from the group life insurance policy, paid to the debtor as the beneficiary of his deceased spouse, in a new bank

account under the debtor's control.

On August 15, 2012, the debtor filed a voluntary petition for bankruptcy under Chapter 7. In the debtor's Schedule C, the debtor claimed an exemption under Ohio Revised Code §§ 2329.66(A)(6)(c) and 3917.05 in the proceeds of the group life insurance policy paid to the debtor as the beneficiary of his deceased spouse. On November 14, 2012, the trustee objected to the debtor's claim of exemption. Also on November 14, 2012, the trustee filed an amended objection to the debtor's claim of exemption, and on December 11, 2012, the debtor responded.

Approximately one month later, on January 8, 2013, the debtor died. On June 5, 2013, the Court held an evidentiary hearing to determine whether the debtor's claim of exemption is proper. At the hearing, the trustee submitted nine exhibits, subject to redactions, and the debtor submitted four exhibits. No witnesses testified. After the evidentiary hearing, the Court took the matter under advisement.

## DISCUSSION

Section 541 of the Bankruptcy Code provides that the commencement of a case creates an "estate," which, subject to a few specifically enumerated exceptions, is comprised of all the legal and equitable interests in property a debtor has at the commencement of the case. *See* 11 U.S.C. § 541. Section 522 of

the Bankruptcy Code allows a debtor to claim certain property as exempt from the estate. States may adopt the federal exemptions provided in 11 U.S.C. § 522 or establish their own exemptions. *See* 11 U.S.C. § 522. Ohio has elected to opt-out of the federal exemptions. *See* Ohio Revised Code § 2329.662. "Therefore, any property that a debtor domiciled in Ohio seeks to exempt must fall within an exemption authorized under Ohio law or nonfederal bankruptcy law." *In re Schramm*, 431 B.R. 397, 400 (B.A.P. 6th Cir. 2010).

"The principal purpose of the Bankruptcy Code is to grant a fresh start to the honest but unfortunate debtor." *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367, 127 S. Ct. 1105, 1107 (2007) (internal quotation marks and citations omitted). "Exemptions further this policy goal by allowing a debtor to protect property which is necessary for the survival of both the debtor and the debtor's family." *In re Schramm*, 431 B.R. at 400. "As such, exemptions are to be construed liberally in favor of the debtor." *Id.* (citing *Daugherty v. Cent. Trust Co. of Ne. Ohio, N.A.*, 28 Ohio St. 3d 441, 504 N.E.2d 1100, 1104-05 (1986)). However, a liberal construction of the Ohio exemptions statute does not allow a court to enlarge the statute or strain its meaning. *Daugherty*, 504 N.E.2d at 1105. The trustee, as the objecting party, has the burden of proving by a preponderance of the evidence that the exemption is not properly claimed. *See* Fed. R. Bankr. P.

4003(c); *In re Wengerd*, 453 B.R. 243, 246 (B.A.P. 6th Cir. 2011).

At issue here is whether Ohio Revised Code §§ 2329.66(A)(6)(c) and 3917.05 permit the debtor to exempt the proceeds of a group life insurance policy, originally issued by the debtor's employer and covering the life of the debtor's spouse, paid to the debtor as the beneficiary of his deceased spouse. Section 2329.66 provides in pertinent part:

> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
> . . . .
> (6) . . .
> . . . .
> (c) The person's interest in a policy of group insurance or the proceeds of a policy of group insurance, as exempted by section 3917.05 of the Revised Code[.]

Ohio Revised Code § 2329.66(A)(6)(c). Section 3917.05 provides:

> No policy of group insurance, nor the proceeds thereof, when paid to any employee thereunder, is liable to attachment, garnishment, or other process, or to be seized, taken, appropriated, or applied by any legal or equitable process or operation of law, to pay any liability of such employee, his beneficiary, or any other person who may have a right thereunder, either before or after payment.

Ohio Revised Code § 3917.05.

While neither party addressed the issue, the Court needs to make a determination as to whether the beneficiary of a group life insurance policy must be a dependent of the deceased-insured for the exemption in § 3917.05 to apply.

5

Several courts have read into §§ 2329.66(A)(6)(c) and 3917.05 a requirement that the beneficiary be a dependent of the deceased-insured. *See In re Lewis*, 327 B.R. 645 (Bankr. S.D. Ohio 2005); *In re North*, 108 B.R. 180 (Bankr. S.D. Ohio 1989); *Matter of Heins*, 83 B.R. 504 (Bankr. S.D. Ohio 1988).

*Heins* was apparently the first case to adopt the requirement that the beneficiary be a dependent of the deceased-insured for the exemption in § 3917.05 to apply. The *Heins* court reasoned that "[i]n order to understand [§ 3917.05], it must be read together with § 3911.10, the statute exempting a debtor's individual life insurance policy and its proceeds, and in the context of § 2329.66's general exemption scheme." *Heins*, 83 B.R. at 505 (footnote omitted). The *Heins* court concluded that for the exemption in § 3917.05 to apply, the beneficiary must be a dependent of the deceased-insured. *Id.* ("The insurance exemptions found at § 2329.66(A)(6)(c) & (d), i.e., §§ 3911.10 and 3917.05, when read together, appear to provide protection to a debtor, a debtor's spouse, child or other dependent relative, or creditor named as beneficiary, thus primarily evidencing a legislative intent to benefit the insured debtor and those dependent upon him.").

In *North*, the court agreed with the decision in *Heins* and found its analysis "to be well reasoned and thorough." *North*, 108 B.R. at 183. The *North* court rejected the argument by the debtor in its case that "the court in *Heins*

6

inappropriately engrafted the dependency requirements of O.R.C. [§ 3911.10] and 11 U.S.C. § 522(d)(11)(C) on O.R.C. § 3917.05." *Id*. (citation and internal quotation marks omitted). In explaining its reasoning for rejecting the debtor's argument, the *North* court characterized the debtor's assertion as conclusory and stated that "the Debtor failed to support the allegation with legal argument, case law, or legislative history." *Id*. ("The Court is not [persuaded] by mere conclusory remarks and, as such, the Debtor's motion is not well-taken.").

In *Lewis*, the court agreed with *Heins* and *North* "that the intent of Ohio Revised Code § 3917.05 is to protect the dependent beneficiaries of an employee by allowing an exemption pursuant to Ohio Revised Code §§ 2329.66(A)(6)(c) and 3917.05." *Lewis*, 327 B.R. at 650. The parties involved in *Lewis* "agreed that [the debtor] was a dependent at 'all times relevant' to the exemption issue." *Id.* (citation omitted). Therefore, the *Lewis* court would have had the same result whether it did, or did not, challenge the conclusion in *Heins* and *North* that a beneficiary must be a dependent of the deceased-insured for the exemption in § 3917.05 to apply.

In *In re Fahey*, 352 B.R. 288 (Bankr. D. Colo. 2006), the court interpreted a Colorado statute exempting group life insurance policies with language similar to Ohio Revised Code § 3917.05, *see* Colo. Rev. Stat. Ann. § 10-7-205, and

7

disagreed with the decision in *Heins*. The *Fahey* court was not persuaded that limiting "the scope of the exemption by adding a requirement that the beneficiary be a dependent of the insured" was warranted by the language of the statute. *Fahey*, 352 B.R. at 295. "[L]anguage present in one statute should [not] be engrafted onto a separate statute passed at a separate time." *Id*. at 296 (citation omitted). The *Fahey* court further reasoned that "[i]t is within the discretion of the General Assembly to make a policy distinction between proceeds of group life insurance and proceeds of individual life insurance." *Id.*

After considering the cases discussed above, this Court is not persuaded by the analysis in *Heins* that § 3917.05 must be read together with § 3911.10. There is nothing in § 3917.05 to suggest that § 3917.05 must be read together with § 3911.10. Further, if the Ohio legislature intended to limit the exemption to applying only to dependent beneficiaries, it could have done so by including the word "dependent" or other limiting language. *See, e.g.*, Ohio Revised Code § 2329.66(A)(10)(b) (Exempting a debtor's right to receive payments from several enumerated sources on account of several enumerated factors "to the extent reasonably necessary for the support of the person and any of the person's dependents . . . ."); *see also* 11 U.S.C. 522(d)(11)(C) (Exempting a debtor's right to receive "a payment under a life insurance contract that insured the life of an

individual of whom the debtor was a dependent on the date of such individual's death, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor."). Therefore, this Court finds that there is no requirement in §§ 2329.66(A)(6)(c) and 3917.05 that the beneficiary be a dependent of the deceased-insured.

There are three requirements for the exemption in § 3917.05 to apply: (1) the insurance policy must be a "policy of group insurance," (2) the deceased person must be covered under the policy, and (3) the proceeds must be paid to "any employee thereunder."

*1.     The insurance policy must be a "policy of group insurance."*

The debtor's life insurance policy constitutes a "policy of group insurance" under Ohio law. Section 3917.01 defines the forms of group life insurance that constitute policies of group insurance for purposes of the exemption contained in § 3917.05. Included among these forms of life insurance is continued group life insurance coverage to former employees and their dependents under § 3917.01(G). Section 3917.01(G) provides:

> Life insurance that is written under a policy issued to a trustee under a trust established by an insurer for the purpose of providing continued group life insurance coverage to those former employees, former members, or former members and the employees of such members, and their dependents, previously covered under policies of group life insurance issued by the insurer to employers or trustees

9

> pursuant to division (A) of this section, to associations pursuant to division (D) of this section, to trustees pursuant to division (E) of this section, or to groups pursuant to division (I) of this section, and that is evidenced by the issuance of a certificate of insurance or other evidence of insurance to such former employees or members as required by section 3917.06 of the Revised Code; provided that the amount of the continued life insurance coverage made available to a former employee or member and to the employee's or member's dependents shall not exceed the amount of the group life insurance coverage previously provided to the employee or member and the employee's or member's eligible dependents at the time of the employee's separation from employment or the member's termination of membership.

Ohio Revised Code § 3917.01(G).

Here, the group life insurance policy was originally provided to the debtor by his employer, Progressive, through Metlife. Upon the debtor's termination of employment with Progressive, he received a letter allowing him to continue his group life insurance policy by electing the portability option. The debtor elected the portability option. On February 24, 2011, the debtor received a letter from MetLife indicating that his enrollment in the Group Portable Insurance coverage was accepted, and included a certificate of insurance listing the policyholder and the group policy number. Accordingly, the debtor's group life insurance policy falls within the definition of "group life insurance" under § 3917.01(G).

The trustee's main argument is that for the exemption in § 3917.05 to apply, "somewhere in the mix should be an employee." (Trustee's Evidentiary Hearing

Brief, at Page 8, Docket #58.) The trustee further asserts that "the MetLife policy covering the life of [the debtor's spouse] was not based on any [employer-employee] relationship." (*Id*. at 9.) This argument fails to recognize that the Metlife group life insurance policy covering the life of the debtor's spouse was originally provided by the debtor's employer and, therefore, the policy was originally created under an employer-employee relationship.

*2.  The deceased person must be covered under the policy.*

The debtor's deceased wife was properly covered under the life insurance policy under Ohio law. Section 3917.03 provides in pertinent part:

> Any life insurance policy issued pursuant to section 3917.01 of the Revised Code . . . may be extended to insure an employee's dependents or member's dependents, as defined by the policy, or any class or classes of dependents, subject to the following:
>
> (A) The premium for the insurance shall be paid either from the funds contributed by the employer, union, association, or other person to whom the policy has been issued, or from funds contributed by the covered persons, or from both. Except as provided in division (B) of this section, a policy on which no part of the premium for the dependent's coverage is derived from funds contributed by the covered persons shall insure the dependents of all eligible employees or members, or a class or classes of dependents.

Ohio Revised Code § 3917.03(A). Here, the policy was properly extended to cover the life of the debtor's spouse, and the trustee does not argue otherwise.

11

3. *The proceeds must be paid to "any employee thereunder."*

The third requirement for the exemption to apply is that the proceeds must be paid to "any employee thereunder." The word "thereunder" refers to the group life insurance policy. Therefore, the proceeds must be paid to "any employee" covered under the group life insurance policy.

This Court concurs with the courts that have interpreted the words "paid to any employee thereunder" to not require that the proceeds be paid directly to the deceased-insured, but merely paid on account of the insured person's death. *See In re McCall*, 383 B.R. 419, 423 (Bankr. N.D. Ohio 2007) ("[A] cogent reading of § 3917.05 holds that, so long as a debtor otherwise falls into a protected class, the proceeds of a group life insurance policy do not need to be paid directly to the insured-employee to be claimed as exempt under § 3917.05."); *Fahey*, 352 B.R. at 291 ("Construing the phrase as applying to a deceased employee would require the employee to receive policy proceeds upon or after his death, which would be impossible."); *Heins*, 83 B.R. at 505 ("In the case before us, the trustee objects to the claimed exemption, asserting that since the proceeds of the policy were paid directly to the beneficiary and were not 'paid to any employee' as required by § 3917.05, the debtor is prohibited from claiming the exemption. . . . The correct focus of the inquiry is whether [the debtor] is of the class intended to be protected by the insurance exemption provisions.").

In addition, the Court has no difficulty interpreting § 3917.05 to include group life insurance covering *former* employees as opposed to just current employees. First, § 3917.01(A) indicates that a group life insurance policy may provide that "employees" include "retired employees" or "former employees." Second, it makes no sense that retired or former employees with continued group life insurance coverage under § 3917.01(G) should be treated different from retired or former employees with group life insurance coverage under § 3917.01(A), particularly when the choice between coverage under § 3917.01(A) or § 3917.01(G) will generally be up to the individual's former employer. Plus, the individual's age or poor health may be the reason why the person is no longer a current employee. From a policy standpoint, it makes little sense to take away an individual's exemption for group life insurance simply because the individual, although covered under a continued group life insurance policy, is no longer healthy enough to remain a current employee. Therefore, the Court holds that § 3917.05 includes group life insurance covering former employees under § 3917.01(G).

The question remains as to whether the debtor's deceased spouse qualifies as an "employee" for the purposes of the exemption in § 3917.05. "The primary goal in statutory interpretation is to give effect to the intent of the legislature." *Bailey v. Republic Eng. Steels, Inc.*, 91 Ohio St. 3d 38, 40, 741 N.E.2d 121, 123

(2001) (citation omitted). "In determining legislative intent, the court first looks to the language of the statute." *Id.* (citation omitted). "A court must give effect to all words of the statute." *Bryan v. Hudson*, 77 Ohio St. 3d 376, 380, 674 N.E.2d 678, 680 (1997) (citations omitted). "Further, unless there is ambiguity, legislative intent must be determined from the language of the statute itself." *Id.* (citations omitted). "Where the words of a statute are ambiguous, interpretation is necessary." *Bailey*, 91 Ohio St. 3d at 40 (citation omitted). "Ambiguity exists if the language of the statute is susceptible of more than one reasonable interpretation." *Id.* (citation omitted).

If § 3917.05 is interpreted to require a strict reading of the word "employee," § 3917.05 would require payment to someone after their death. Alternatively, if the word "employee" is interpreted as a mere oversight by the drafters and actually means any person when used in "paid to any employee thereunder," then this interpretation would not explain why the word "employee" appears again later in the same statute – "to pay any liability of such employee . . . ." *See* Ohio Revised Code § 3917.05. Section 3917.05 should be interpreted to give the word "employee" purpose; however, the meaning of the word "employee" in § 3917.05 is ambiguous. "In determining legislative intent when faced with an ambiguous statute, the court may consider several factors, including the object sought to be obtained, circumstances under which the statute

was enacted, the legislative history, and the consequences of a particular construction." *Bailey*, 91 Ohio St. 3d at 40 (citations omitted).

In order to properly interpret the intent of the Ohio legislature in using the word "employee" in § 3917.05, the Court will first consider the legislative history of § 3917.05. In *Fahey*, the court interpreted a Colorado exemption in group life insurance containing the same phrase as Ohio Revised Code § 3917.05 – "when paid to any employee thereunder." The *Fahey* court provided a well-researched summary of the process that led to several states enacting a group life insurance exemption with the same phrase – "when paid to any employee or employees thereunder":

> By the early 1900's, labor unions had established mutual benefit societies in order to provide their members' families with death benefits. In response, large employers sought to obtain group life insurance policies that provided coverage for their employees. Insurance companies that attempted to meet this need were hampered by various state laws or regulations that prevented issuing insurance without a medical examination or prevented issuing insurance for a group at a lower premium rate than that charged for individual term insurance.
> In 1917, the National Convention of Insurance Commissioners ("NCIC") formed a committee to study the matter and to establish uniform standards for group life insurance. At the 1918 NCIC Session, held in Denver, the committee presented its report, which was adopted without any remarks. The committee report set forth proposed standard statutory language defining group life insurance and requiring policies to contain certain provisions. The report also included proposed statutory language that was intended to exempt the proceeds of group life insurance policies. The proposed exemption included the phrase "when paid to any employee or employees

> thereunder." *See Proceedings of the 49th Session* (Nat'l Convention of Ins. Comm'rs), Sept. 10–13, 1918, at 29.

*Fahey*, 352 B.R. at 291.

Effective on September 2, 1935, the Ohio legislature enacted an exemption for group life insurance policies with the phrase as proposed by the NCIC – "when paid to any employee or employees thereunder." *See* Ohio General Code § 9426-4. The Ohio legislature later amended the exemption, effective on October 1, 1953. The amendment deleted the words "or employees," and resulted in the language present in the current version of § 3917.05 – "when paid to any employee thereunder."

While the Court cannot find any cases that address whether the exemption applies when the deceased spouse is not the actual employee that purchased the policy, two cases that addressed the phrase "when paid to any employee" have given it a broad construction. *See Fahey*, 352 B.R. at 297 ("The intent of the General Assembly in enacting Colo. Rev. Stat. Ann. § 10-7-205 was to protect the proceeds of group life insurance from the claims of creditors . . . [and a] broad construction of the statute best accomplishes this intent.") (citations omitted); *In re Fadeley*, 09-31575, 2011 WL 350508 (Bankr. W.D.N.C. Feb. 1, 2011) (rejecting its earlier interpretation in *In re Fick*, 249 B.R. 108 (Bankr. W.D.N.C. 2000), and agreeing with the interpretation in *Fahey*).

16

This Court agrees with the *Fahey* court's list of possible explanations for why the NCIC, and the states that later adopted the NCIC's proposed statutory language, used the phrase "when paid to any employee or employees thereunder." "The drafters could have intended to include the beneficiary in the reference to the employee." *Fahey*, 352 B.R. at 297 (citing Note, *Some Economic and Legal Aspects of Group Insurance Policies*, 36 Colum. L. Rev. 89, 96 (1936) ("Treating as a unity the employee and his beneficiary, the courts have generally considered the setup as triangular [insurer-employer-employee] rather than four-cornered [insurer-employer-employee-beneficiary].")). "Or, the drafters could have used the phrase to distinguish the situation in which the proceeds were paid to the employer or a specific creditor." *Fahey*, 352 B.R. at 297 (citation omitted). Or, "[t]he drafters could have intended the phrase to apply to the timing of the exemption, to make clear that the exemption was available when the proceeds were paid." *Fahey*, 352 B.R. at 297. In addition, by using the word "any," in "any employee or employees thereunder," the drafters could have intended to include the scenario where more than one person would qualify as an "employee" for the purposes of the exemption.

After considering the legislative history of § 3917.05, other courts' interpretations of the same phrase in their group life insurance exemption, and alternative interpretations of the word "employee," this Court believes that the

17

word "employee" is used in § 3917.05 to communicate that the group life insurance policy must be originally provided by an employer to an employee. Once that policy is provided to the employee, anyone that is properly added to that policy under § 3917.03 qualifies as an "employee thereunder." This interpretation also avoids the absurd result of group life insurance proceeds literally "paid to any employee thereunder" as a beneficiary not being exempt under § 3917.05. For example, in the present case, the proceeds of the group life insurance were paid to a former employee – *i.e.*, the debtor – as a beneficiary of the continued group life insurance coverage for former employees and their dependents under § 3917.01(G). Therefore, the Court finds that § 3917.05 exempts all group life insurance policies, originally provided by an employer to an employee and covering the life of the actual employee or former employee and anyone properly added to the policy under § 3917.03. Here, the debtor's deceased-spouse qualifies as an "employee" under § 3917.05 because the group life insurance policy was originally provided by Progressive to the debtor, and the policy was properly extended under § 3917.03 to cover the debtor's spouse.

## CONCLUSION

For the foregoing reasons, the Court overrules the trustee's amended objection to the debtor's claim of exemption (Docket #17).

IT IS SO ORDERED.

18